UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIANE SHIELDS                                                                                        PLAINTIFF

V.                                                                      CIVIL ACTION 3:13-cv-715-DPJ-FKB

DIANE BATES, SARI BENNETTE,
and THE ORCHARD, LTD                                                                           DEFENDANTS

ORDER

This employment-discrimination case is before the Court on Defendants' motion to dismiss [10].  Plaintiff Diane Shields is proceeding pro se and filed a response [13].  The Court has liberally construed the complaint, as clarified by Shields's response.

I.    Facts and Procedural History

Diane Shields was employed as a Licensed Practical Nurse by Defendant The Orchard, LTD and worked at a nursing home called the Arbor.  During Shields's employment, Defendant Dianne Bates was the Assistant Director of the Arbor, and Defendant Sari Bennette was the Nurse Manager.  Shields's main allegation is that her and other black employees' schedules were changed to accommodate white nurses' requests to change their own schedules.  She alleges that these changes occurred with little to no notice and took the form of both increasing and decreasing her hours.  Shields claims she ultimately complained to Bates, "who responded in a defensive manor [sic] toward Plaintiff and walk [sic] away."  Pl.'s Resp. [13] at 3.  Shields also alleges that she was forced to work on a demanding unit as white nurses worked on less demanding units and were permitted rest periods.  Additionally, white nurses were permitted to snack at the nurses station, but Shields was told she could not eat anything at the nurses station. *See id.* at 3–5.

Shields filed a charge of race discrimination with the Equal Employment Opportunity Commission on March 13, 2012.  Proceeding pro se, she then filed this complaint on November 15, 2013, alleging discrimination and violation of her civil rights and seeking $50,000 in damages for physical, mental, and emotional distress and "[f]inancial [d]ifficulty."  Compl. [1] at 3–4.  Defendants filed a motion to dismiss under Rule 12(b)(6).  Shields responded but also requested and was granted thirty days to find an attorney and file a supplemental response.  She requested more time to retain an attorney and was granted an additional thirty days to file a supplemental response.  That time period expired on July 17, and no attorney has entered an appearance on Shields's behalf nor has any supplemental response been filed.

Shields's complaint fails to identify the statute under which she is seeking relief.  But her EEOC charge of discrimination claims a violation of Title VII, and her response states that she brings this action under Title VII.  So the Court will consider her complaint as alleging a violation of Title VII.  Her response also mentions "injunctive relief under 42 U.S.C."  Resp. [13] at 1.  Given Shields's pro se status, the Court will interpret this statement as alleging a violation of 42 U.S.C. § 1981, which also prohibits race discrimination in employment.

II.     Standard of Review

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In this case, Shields is proceeding pro se. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (additional citation omitted)).

III.   Analysis

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 race-discrimination claims are analyzed under the same legal framework applicable to Title VII cases. *See Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 891 n.2 (5th Cir. 2012) (citing *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999)).

The plaintiff must first establish a prima facie case of discrimination by showing (1) she is a member of a protected class, (2) she was qualified for the position at issue, (3) she was the subject of an adverse employment action, and (4) she was replaced by someone outside the protected class, or in the case of disparate treatment, she was treated less favorably than similarly situated employees under nearly identical circumstances. *See Lee v. Kan. City S. Ry.*, 574 F.3d

3

253, 259 (5th Cir. 2009); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001); *see also McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Preliminarily, Defendants argue for dismissal of the claims against Bates and Bennett because there is no individual liability under Title VII. "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002)). Shields's Title VII claims against Bates and Bennette are therefore dismissed with prejudice.

Defendants then argue that Shields fails to make out a prima facie case because she does not allege that she was subject to an adverse employment action. In the context of a Title VII discrimination claim, "adverse employment actions include only ultimate decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Shields's allegations of changes in her hours, assignment to a demanding unit, and a prohibition on snacking at the nurses station do not qualify as adverse employment actions because they are not ultimate decisions. *See Benningfield v. City of Hous.*, 157 F.3d 369, 377 (5th Cir. 1998) ("Merely changing [an employee's] hours, without more, does not constitute an adverse employment action."); *Prewitt v. Continental Auto.*, 927 F. Supp. 2d 435, 453–54 (W.D. Tex. 2013) (finding that transfer to another section of the plant was not an adverse employment action); *Baker v. Fedex Ground Package Sys., Inc.*, Civil Action No. 04-3401, 2008 WL 559567, at *3–4 (E.D. La. Feb. 26, 2008) (finding that being required to work

extended hours did not constitute adverse employment action).[1]  She has therefore failed to state a claim for discrimination based on an adverse employment action.

The Court also liberally construes Shields's response as an amended complaint.  Her response reads like she is trying to state a hostile-work-environment claim.  Without deciding that she has stated such a claim in her response, the Court finds that any hostile-work-environment claim would be due for dismissal for failure to exhaust administrative remedies.  "Although EEOC claims are construed somewhat broadly to 'protect[ ] unlettered lay persons making complaints', that broad construction extends 'as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge.'" *Vicknair v. La. Dep't of Pub. Safety and Corr.*, 555 F. App'x 325, 331 (5th Cir. 2014) (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)).  The key question is "whether the charge 'stated sufficient facts to trigger an EEOC investigation and to put an employer on notice

---

[1] A plaintiff who resigns may also satisfy the adverse-employment-action requirement by alleging constructive discharge by one of two means:  "First, she can offer evidence that the employer made her working conditions so intolerable that a reasonable employee would feel compelled to resign.  Second, an employee can prove constructive discharge with evidence that she was given an ultimatum requiring her to choose between resignation and termination." *David v. Pointe Coupee Parish Sch. Bd.*, 247 F.3d 240, 2001 WL 43530, at *2 (5th Cir. 2001) (quotations and citations omitted).  While Shields states that schedule changes caused "some black nurses [ ] to quit/resign," Pl.'s Resp. [13] at 2, she never alleges—either in her EEOC charge, complaint, or response—that she herself resigned as a result of the working conditions.  *See Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013) ("A constructive discharge claim is based on a plaintiff's actual resignation, without which no discharge—constructive or otherwise—has occurred (citations omitted)).  Defendants state that she resigned in April 2012, but Shields never mentions this resignation in connection with her allegations of the working conditions.  And the resignation occurred after Shields filed her EEOC complaint on March 10, 2012, so the EEOC complaint does not mention the resignation or otherwise put Defendants on notice of a constructive-discharge claim.  To the extent she alleges a constructive-discharge claim here, that claim would be due for dismissal for failure to exhaust administrative remedies.  *See Vicknair v. La. Dep't of Pub. Safety and Corr.*, 555 F. App'x 325, 331 (5th Cir. 2014) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006)).

of the existence and nature of the charges.'" *Id.* (quoting *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013) (internal citations omitted)).  Shields's EEOC charge states that she is "being subjected to disparate terms and conditions of employment with respect to having [her] working hours reduced and having [her] work schedule changed with very little notice."  Pl.'s Compl. [1], Ex. 1 at 3.  It goes on to say that "[w]hite employees' work schedules are often accommodated at the expense of black employees, some of whom are forced to quit their jobs due to having their hours reduced and having their schedules changed with little or no notice."  *Id.*  The charge never mentions the word harassment nor does it allege that the environment was hostile, offensive, or abusive.  *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 136 (2012) (describing a hostile-work-environment claim as requiring harassment that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (quotation omitted)).  A hostile-work-environment investigation could not reasonably grow from the facts stated in Shields's EEOC charge.

The Court has liberally construed Shields's complaint and response and finds that she has failed to state a claim of race discrimination under Title VII against The Orchard or under 42 U.S.C. § 1981 against The Orchard or the individual defendants.  When a claim is dismissed on these grounds under Rule 12(b)(6), a plaintiff should have the opportunity to assert her claim properly.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Dismissal is therefore without prejudice to Shields's right to file a properly stated claim for relief.

IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss [10] is granted.  Shields's Title VII claims against The Orchard are dismissed without prejudice; her § 1981 claims against The Orchard, Bates, and Bennette are dismissed without prejudice; and her Title VII claims against Bates and Bennette are dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE